IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


CODY ALAN SMITH                                                              PLAINTIFF

v.                                          Civil No. 6:18-CV-06006

SHERIFF MIKE CASH, *et. al.*                                          DEFENDANTS


## OPINION AND ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's failure to obey a Court Order and Defendants' Motion to

Dismiss. (ECF No. 36.).  The Parties have consented to the jurisdiction of a magistrate judge to

conduct any and all proceedings in this case, including conducting the trial, ordering the entry of

a final judgment, and conducting all post-judgment proceedings.  (ECF No. 18).  Pursuant to this

authority, the Court issues this Opinion and Orders.

## I.  BACKGROUND

Plaintiff filed his Complaint on January 10, 2018.  (ECF No. 1).  Plaintiff was granted *in*

*forma pauperis* status on January 11, 2018.  (ECF No. 3).  In the Order, Plaintiff was advised that

failure to inform the Court of an address change within 30 days of that change shall result in his

case being subject to dismissal.  (*Id.*).

On December 20, 2019, mail sent to Plaintiff at the Arkansas Department of Correction

Ouachita River Unit was returned as undeliverable, noting they were unable to forward the mail.

(ECF No. 35).  Plaintiff's deadline to inform the Court of his new address was January 21, 2020.

(*Id.*).  To date, Plaintiff has not provided a new address or otherwise communicated with the Court.

On January 29, 2020, Defendants filed their Motion to Dismiss, noting that it has been

more than a year since Plaintiff has communicated with the Court.  (ECF No. 36).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with a Court Order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Defendants' Motion to Dismiss. (ECF No. 36.) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 7th day of February 2020.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE